**IN THE UNITED STATES COURT DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

| | |
|---|---|
| MARK W. DOBRONSKI, <br><br> Plaintiff <br><br> v. <br><br> POLICE OFFICERS' DEFENSE COALITION, INC., a Virginia nonstock corporation; JAMES J. FOTIS; JUDITH E. SECHER; and, BERT ARTHUR EYLER; <br><br> Defendant(s) | No. 2:20-cv-12840 <br><br> Hon. Laurie J. Michelson <br><br> Magistrate Judge: Hon. R. Steven Whalen |

**ANSWER TO COMPLAINT**

NOW COMES the Defendants, POLICE OFFICERS'DEFENSE ALLIANCE, JAMES J. FOTIS, JUDITH SECHER, and BERT ARTHUR EYLER, by and through their attorney, Beverly Griffor and Collis & Griffor, P.C, who hereby answers the Plaintiff's Complaint as follows:

1. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

2. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

3. Admitted in part. Defendant is incorporated in the Commonwealth of Virginia, but does not maintain a physical office.

4. Admitted in part and denied in part. Defendant is an individual of the age of majority, mentally competent, and resides at 9251 Greenspire Lane, Lake Worth Florida, 3342217. Defendant is a Director and President of PODC. Defendant denies that he

Page 1

"orchestrated, directed, personally authorized, and participated in the tortious or illegal conduct complained herein", and demands strict proof thereof.

5. Admitted in part and denied in part. Defendant is an individual of the age of majority, mentally competent, and resides at 621 North 44th Ave, Hollywood, FL 33021-5903. Denies that She is a Director of PODC. Defendant denies that she "orchestrated, directed, personally authorized, and participated in the tortious or illegal conduct complained herein", and demands strict proof thereof.

6. Admitted in part and denied in part. Defendant is an individual of age of majority, is mentally competent, is not in military service and resides at 5409 Dabneys Mill Court, Haymarket, Virginia, 20169-4519. Defendant denies he "orchestrated, directed, personally authorized, and participated in the tortious or illegal conduct complained herein", and demands strict proof thereof.

7. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## General Allegations

8. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

9. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

10. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

11. The quoted passage contained at 137 Cong. Rec. 30,821-30,822 (Nov. 7, 1991) speaks for itself and no response is required. To the extent an answer is required, the allegations are denied.

12. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

13. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

14. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

15. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

16. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

17. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

18. This paragraph calls for a legal conclusion to which no response is required. Additionally Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

19. This paragraph calls for a legal conclusion to which no response is required. Additionally Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

20. This paragraph calls for a legal conclusion to which no response is required. Additionally, upon information and belief, this number is understood to be a general phone number. The proscriptions of the cited statute speak for itself and the remaining allegations are denied.

21. This paragraph calls for a legal conclusion to which no response is required. Additionally, upon information and belief, this number is understood to be a general phone number. The proscriptions of the cited statute speak for itself and the remaining allegations are denied.

22. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations the Defendants ack sufficient knowledge to admit or deny the allegations contained in this paragraph.

23. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

24. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

25. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

26. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

27. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

28. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

29. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

30. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

31. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

32. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

33. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants deny the allegations contained in this paragraph.

37. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

38. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

39. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

40. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

41. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

42. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

43. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

45. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the cited regulation speaks for itself and the remaining allegations are denied.

46. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, PODC admits it is not registered with the Michigan Attorney General's Charitable Trust Section as it is not legally required to do so, and denies it is illegally soliciting contributions from persons in Michigan. The remaining allegations contained in this paragraph are denied

47. Defendant RPI admits to having prior dealings with Defendant, and denies the remaining allegations contained in this paragraph.

**Allegations Specific to this Complaint**

**Call Number 1**

48. Defendants deny the allegations in this paragraph of this complaint.

49. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

50. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

51. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

**Call Number 2**

52. Defendants deny the allegations in this paragraph of this complaint.

53. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

54. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

55. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

56. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

**Call Number 3**

57. Defendants deny the allegations in this paragraph of this complaint.

58. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

59. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

60. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

**Call Number 4**

61. Defendants deny the allegations in this paragraph of this complaint.

62. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

63. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

64. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

65. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

66. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

## Call Number 5

67. Defendants deny the allegations in this paragraph of this complaint.

68. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

69. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

70. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

71. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

## Call Number 5

72. Defendants deny the allegations in this paragraph of this complaint.

73. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

74. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

75. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

76. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

77. Defendant has insufficient knowledge to admit or deny the allegations in this paragraph.

## COUNT I
## VIOLATION OF THE TCPA- ROBOCALL

78. Defendants reallege and incorporate all responses as set forth fully herein.

79. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

80. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## COUNT II
## VIOLATION OF THE TCPA- FAILURE TO IDENTIFY BUSINESS

81. Defendants reallege and incorporate all responses as set forth fully herein.

...
...

82. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

83. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## COUNT III
## VIOLATION OF THE TCPA- FAILURE TO PROVIDE TELEPHONE NUMBER

84. Defendants reallege and incorporate all responses as set forth fully herein.

85. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

86. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## COUNT IV
## VIOLATION OF THE TCPA- NO OPT-OUT

87. Defendants reallege and incorporate all responses as set forth fully herein.

88. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

89. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## COUNT V
## VIOLATION OF THE TCPA- SPOOFED CALLER ID

90. Defendants reallege and incorporate all responses as set forth fully herein.

91. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

92. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## COUNT VI
## VIOLATION OF THE TCPA- FAILURE TO TAKE DO NOT CALL REQUEST

93. Defendants reallege and incorporate all responses as set forth fully herein.

94. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

95. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## COUNT VI
## VIOLATION OF THE MTCCCA – M.C.L. §484.125

1. Defendants reallege and incorporate all responses as set forth fully herein.

2. This paragraph calls for a legal conclusion to which no response is required. To the extent an answer is required, the allegations are denied.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the requested relief in paragraphs A, including subparagraphs 1-7, and paragraphs B through E.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here, Defendants do not concede that it has the burden of proof or production for any of the following:

### First Affirmative Defense
### (Lack of Standing)

1. In Paragraph 24 of the Complaint, Plaintiff admits he is the President of ABDF

2. In Paragraph 20, Plaintiff admits that the number alleged to be called, 734-641-2300 is a phone number owned by ABDF.

3. In Paragraph 25 Plaintiff admits he was the actual recipient of the phone calls alleged in the complaint.

4. Plaintiff admits that it was actually the business that was called and not him personally.

5. As a result, Plaintiff did not suffer any injury as alleged in the complaint because he was not the one that was called, the business was.

6. Because Plaintiff did not receive the phone call on a line belonging to him individually, he lacks standing to sue.

## Second Affirmative Defense

### (Failure to State a Claim, Defendants Lewis and Ostrowski)

7. In order to claim an individual is responsible for violating TCPA, the Plaintiff must allege enough underlying facts to allow a plausible inference of liability in the context of their particular claim.

8. Plaintiff fails to plead with sufficiency facts to allow for plausible inference of liability, of any wrong doing by Secher, Fotis, or Eyler.

## Third Affirmative Defense

### (Failure to State a Claim)

9. Defendant National Police Support Fund is a 527 Political Organization organized under the same said provision in the Internal Revenue Code, organized for an exempt purpose under the code. It is not a charitable organization, nor has it ever held itself out as a charitable organization.

10. Political Organizations are not subject to the Federal Do Not Call list.

11. A 527 Political Organization is allowed to solicit contributions using automatic dialing system and pre-recorded messaging as long as the number called is on a landline.

12. Plaintiff admits that 734-641-2300 is a landline phone number.

13. The phone number alleged, 734-641-2300, is not an emergency phone number under the legal definition of an emergency phone number.

14. An Emergency Phone Number is defined as numbers assigned to the police, fire, ambulance or other like services for use by the public in reaching those services in an emergency.

15. Plaintiff admits that the phone number is not an emergency phone number by placing it as the phone number of the Plaintiff on the summons. As a result, the number is not one to be used in an emergency, but for the purpose of contacting the Plaintiff generally.

16. On each of the phone calls, Plaintiff admits he was the one who terminated the call, as a result state he heard the entire message, and therefor cannot allege that the organization phone number was not disclosed, as it would have been had he not terminated the call.

17. Furthermore, Plaintiff admits he was able to call the number on the caller ID in calls 3.

18. MTCCA does not apply because Plaintiff fails to allege any commercial advertising activity.

19. As a result of this, Plaintiff has failed to state a claim by which he is entitled to relief.

## Fourth Affirmative Defense

### (No Private Right of Action)

20. Regarding Counts II- VI, TCPA does not maintain any Private Right of Action for offenses alleged in these counts of the complaint.

21. Because there is no Private Right of Action, Plaintiff has no standing to sue.

22. Defendant requests these counts be dismissed with prejudice.

### Fifth Affirmative Defense

### (No Activity Committed For Which Relief May Be Obtained)

23. Upon review of the phone records of all the numbers used for the fundraising activities of NPSF, there is no record of any outgoing calls to the number 734-641-2300. The only records of contact from that phone numbers are inbound calls made by the Defendant to the Plaintiff. As a result, Plaintiff cannot claim the number was called as alleged.

24. This answer shall be followed by a Motion to Dismiss which will further detail why this matter should be dismissed with prejudice.

Dated: December 15, 2020                  Respectfully submitted,

_____
Collis & Griffor, PC
BY: Beverly M. Griffor
1851 Washtenaw Rd
Ypsilanti, MI 48197

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *Motion For An Extension Of Time To Answer Or Otherwise Plead* with the Clerk of the United States District Court for the Eastern District of Michigan, Southern Division using the CM/ECF system on December 15, 2020. Participants who are registered CM/ECF users will be served by the system. Other parties were served at their address of record by US Mail and email.

　　　　　　　　　　　　　　　　　　　　　　　 /s/Beverly Griffor____
　　　　　　　　　　　　　　　　　　　　　　　Beverly M. Griffor